**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 05-2723

SAÚL RAMÍREZ,

Petitioner,

v.

ALBERTO R. GONZALES, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before
Boudin, <u>Chief Judge</u>,
Torruella, <u>Circuit Judge</u>,
and Dyk,[*] <u>Circuit Judge</u>.

<u>Jeff Ross</u> and <u>Ross & Associates</u> on brief for petitioner.
<u>Peter D. Keisler</u>, Assistant Attorney General, Civil Division,
<u>Greg Mack</u>, Senior Litigation Counsel, Office of Immigration
Litigation, and <u>Siu P. Wong</u>, Department of Justice, Civil Division,
Office of Immigration Litigation, on brief for respondent.

August 22, 2006

[*]Of the Federal Circuit, sitting by designation.

**Per Curiam**.  Saul Ramirez, a citizen of Guatemala, was born in 1967 in the region of Jalapa, Guatemala.  His father was a military commissioner in San Pedro Pinola performing duties on behalf of the army.  According to Ramirez, this resulted in guerrillas targeting the family; specifically, he says that in the early and mid-1980s, his uncle and then a cousin were murdered allegedly by guerrillas; his father received death threats; and guerrillas sprayed his house with bullets, killing a neighbor.

Shortly after this last killing in 1987, Ramirez traveled to the United States, entering illegally.  In 1996, Ramirez was convicted of several crimes, including assault and battery by a dangerous weapon.  In 2003, he was ordered removed under 8 U.S.C. § 1182(a)(2)(A)(i)(I), and then sought withholding of removal on grounds of threatened political persecution, id. § 1231(b)(3), and under the Convention Against Torture, see 8 C.F.R. § 208.16(c).  Following a hearing in 2004, relief was denied and, after exhausting his remedies before the Board of Immigration Appeals, Ramirez sought review in this court.

Because the Board affirmed summarily, we review the decision of the Immigration Judge directly, Katebi v. Ashcroft, 396 F.3d 463, 465-66 (1st Cir. 2005), and in matters such as this, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the

contrary." 8 U.S.C. § 1252(b)(4)(B); Estrada-Canales v. Gonzales, 437 F.3d 208, 215 (1st Cir. 2006) (substantial evidence standard).

The IJ, without questioning Ramirez' credibility, found that Ramirez had established neither past persecution nor a reasonable basis for fear of future persecution. We bypass the former finding, which depends importantly on how far the threats to his father and the violence against other family members (two deaths and the attack on the house) can be regarded as creating a threat to Ramirez himself that would be classed as political persecution.

Even if past persecution were assumed to have occurred in the 1980s, this would do no more than create a presumption of future persecution that the government could overcome by showing that at the present time no objective basis exists for such a threat. 8 C.F.R. § 1208.16(b)(1). The IJ found that the government had so proved, relying both upon facts pertinent to Ramirez and upon the State Department's 2001 Country Report on Human Rights Practices for Guatemala. We agree that substantial evidence clearly supports the IJ's determination.

According to the country report, peace accords were signed in 1996 between the government and the guerrillas; a party based on the former guerrilla movement won seats in the legislature in 1999; and although progress is halting, the country report says that there were no indications of politically motivated

-3-

disappearances or guerrilla violence in the period reported upon. Similar conclusions were reached in other cases involving Guatemala. See Palma-Mazariegos v. Gonzales, 428 F.3d 30, 35-36 (1st Cir. 2005); Rodriguez-Ramirez v. Ashcroft, 398 F.3d 120, 125 (1st Cir. 2005); Quevedo v. Ashcroft, 336 F.3d 39, 42 (1st Cir. 2003).

Ramirez's father and mother still live in San Pedro Pinola, and his brother and sister still live elsewhere in Guatemala, all apparently unmolested. See Aguilar-Solis v. INS, 168 F.3d 565, 573 (1st Cir. 1999). Ramirez could not say when his father last received a threat from the guerrillas; the last incident he cites in his testimony occurred in 1987. Although Ramirez alleged that two men were recently killed in his village by guerrillas, he knew nothing about the circumstances of their deaths beyond the village gossip shared with him by his mother (which did not suggest any specific targeting of Ramirez's family).

In sum, the IJ agreed that some level of politically motivated violence continues in Guatemala but found no objective basis for believing that Ramirez was a target, and the record supports that determination. As to Ramirez' alternative ground for relief, the IJ found "absolutely no evidence" that Ramirez would be subjected to torture if he were to return to Guatemala. The petition for review must be denied.

It is so ordered.